UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TANIA S.,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

CASE NO. C19-5767-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1979.[1] She has a limited education and previously worked as a housekeeper cleaner and a stock clerk. (AR 288, 24.)

Plaintiff filed an application for SSI in July 2016, alleging disability beginning June 7, 2014. (AR 150.) The application was denied at the initial level and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On May 10, 2018, ALJ Allen G. Erickson held a hearing, taking testimony from plaintiff and vocational expert Terry Hillary. (AR 31-106.) On September 1, 2018, the ALJ issued a decision finding plaintiff not disabled from July 7, 2016, through the date of the decision. (AR 15-25.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on June 18, 2019 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's left eye blindness, right eye uveitis, fibromyalgia, and cervical spine degenerative disease severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work with only occasional crawling or climbing ladders, ropes, or scaffolds; frequent handling and fingering; occasional reaching overhead with the dominant right arm; and occasional

vibration, extreme cold, and hazards. Plaintiff has no effective use of the left eye or depth perception and cannot do fine detail work. She can frequently read. With that assessment, the ALJ found plaintiff able to perform her past relevant work as a housekeeper cleaner.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ did not reach step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by failing to adopt findings of severe mental impairments in a prior ALJ decision, rejecting several medical opinions, finding no severe mental health impairment at step two, and rejecting her testimony on the severity of her fibromyalgia. She requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

/ / /

ORDER
PAGE - 3

Prior ALJ Decision

Plaintiff filed a prior application in 2012, alleging disability beginning 2008. (AR 110.) This application was denied initially, on reconsideration, and by ALJ David Johnson in a decision issued June 6, 2014, and affirmed by this court. (AR 110-34, 141-48.) In the 2014 decision, ALJ Johnson found plaintiff had severe mental impairments including post-traumatic stress disorder (PTSD) and major depressive disorder (AR 113); limited her to "low stress" work, defined in part as "simple, routine tasks" with only "occasional superficial interaction with coworkers or the general public" (AR 117); and found she could not perform past relevant work (AR 132). In the 2018 decision at issue here, plaintiff contends the ALJ erred by failing to adopt these findings from the 2014 decision. The 2018 decision did not mention the 2014 decision. (AR 15-25.)

While res judicata creates a presumption of non-disability in a period subsequent to an unfavorable ALJ decision, such presumption may be overcome with a showing of "changed circumstances." *Lester v. Chater*, 81 F.3d 821, 827 (9th Cir. 1996). *Accord Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988); Acquiescence Ruling (AR) 97-4(9). If the presumption is rebutted, certain findings in the prior, final decision must be adopted unless there is new and material evidence relating to those findings or a relevant change in law or methodology. *See Chavez*, 844 F.2d at 694. The Commissioner contends the record before the ALJ in 2018 contained new and material evidence, such as that plaintiff took her children out to dine at a restaurant, she takes care of her personal needs and prepares meals, and she scored well on a memory test. (AR 74, 314-16, 515.) The Commissioner fails, however, to show that this evidence is material. Going to a restaurant on one occasion, performing personal care or preparing simple meals, and having adequate memory do not contradict the prior ALJ's findings that PTSD and major depressive disorder are severe impairments, that plaintiff can only perform simple routine tasks with

ORDER
PAGE - 4

occasional public interaction, or that plaintiff cannot perform her past work as a housekeeper cleaner. In the absence of a showing of materiality, the ALJ erred by failing to consider the res judicata effect of the 2014 decision.

Medical Opinion Evidence

The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

In general, more weight should be given to the opinion of an examining doctor than to a non-examining doctor. *Lester*, 81 F.3d at 830. Where doctors' opinions are contradicted, as in this case, they may only be rejected with "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted).

Non-examining State agency medical and psychological consultants are highly qualified and experts in the evaluation of Social Security disability claims and, while not binding, their opinions must be considered. 20 C.F.R. §§ 404.1513a(b)(1), 416.913(b)(1). *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) ("The Commissioner may reject the opinion of a non-examining physician by reference to specific evidence in the medical record.").

In rejecting plaintiff's claims of mental impairments, the ALJ discounted six opinions from examining doctors and non-examining State agency doctors. (AR 19-20.) Among other reasons, the ALJ discounted all six opinions because plaintiff received "no mental health treatment or medication since the application date." (AR 19, 20.) In assessing medical opinions an ALJ may properly consider the level or frequency of treatment for allegedly disabling conditions over the

ORDER
PAGE - 5

course of a claimant's history of medical care. *See Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995). Plaintiff contends the ALJ mischaracterized the record, and cites records between October 2012 and February 2018 showing plaintiff was prescribed psychotropic medications. Dkt. 10 at 10. However, plaintiff testified at the May 2018 hearing that she had not taken psychiatric medication since 2014. (AR 55.) The ALJ is responsible for resolving conflicts in the record, *Carmickle*, 533 F.3d at 1164, and when evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ, *Tackett*, 180 F.3d at 1098. Here, the ALJ permissibly relied on plaintiff's testimony that she had not taken medication since 2014, despite evidence that it was prescribed for her. This, along with undisputed evidence that plaintiff did not engage in therapy, was substantial evidence of a lack of treatment.

Complete lack of treatment during the relevant period was a specific and legitimate reason to discount these six medical opinions concerning mental limitations. The Court need not address the ALJ's remaining reasons because, even if erroneous, inclusion of erroneous reasons is harmless. *See Carmickle*, 533 F.3d at 1162-63 (where the ALJ provides specific reasons supporting an assessment and substantial evidence supports the conclusion, an error in the assessment may be deemed harmless; the relevant inquiry "is not whether the ALJ would have made a different decision absent any error, [but] whether the ALJ's decision remains legally valid, despite such error."). The ALJ did not err by discounting these six opinions.

Plaintiff contends the ALJ erred by failing to address two additional opinions. In March 2015 Kimberly Wheeler, Ph.D.,[2] examined plaintiff and opined she had marked limitations in

---

[2] Among the six opinions the ALJ properly rejected was a 2012 opinion by the same Dr. Wheeler. (*See* AR 19.)

ORDER
PAGE - 6

completing a normal workday and workweek, communicating and performing effectively at work, adapting to routine changes, and performing detailed tasks. (AR 547-51.) In April 2016 Luci Carstens, Ph.D., reviewed Dr. Wheeler's report and opined her limitations were "supported by available medical evidence." (AR 555.) The ALJ failed to address Dr. Wheeler's or Dr. Carstens' opinions. The Commissioner failed to address plaintiff's assignment of error.

"The ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citing 20 C.F.R. § 404.1527(b)). The ALJ erred by failing to consider the 2015 opinions of Dr. Wheeler and Dr. Carstens. *See Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("Where an ALJ does not explicitly reject a medical opinion …, he errs.").

Particularly in light of the ALJ's failure to give proper consideration to the prior ALJ findings of severe mental impairments, the Court concludes the error was harmful. The error was "not inconsequential to the ultimate nondisability determination" because the 2015 opinions assessed serious mental limitations not incorporated into the RFC, which contained no mental limitations at all. *Marsh*, 792 F.3d at 1173 (quoted source omitted) (failure to address medical opinion of disability was not harmless error). On remand the ALJ should evaluate Dr. Wheeler's and Dr. Carstens' 2015 opinions.

### Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability

to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id.* (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id.* A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. §§ 404.1521, 416.921.

The ALJ found plaintiff had the medically determinable mental impairments of major depressive disorder and post-traumatic stress disorder, but found they were not severe. (AR 18.) Based on the medical opinions and the prior decision addressed above, plaintiff contends the ALJ erred by finding no severe mental impairment. Because the ALJ must consider the prior decision and Dr. Wheeler's and Dr. Carstens' 2015 opinions on remand, the ALJ should also reevaluate whether plaintiff has severe mental impairments.

### Symptom Testimony

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's subjective symptom testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p.[3]

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an

The ALJ here found fibromyalgia was a severe impairment but found plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not entirely consistent with the medical and other evidence in the record. The ALJ discounted plaintiff's testimony on the grounds that her allegations were inconsistent with her activities and the lack of supporting medical evidence.

Because lack of supporting medical evidence alone is insufficient to discount symptom testimony, the Court must consider whether conflict with plaintiff's activities constituted a clear and convincing reason to discount her testimony. *See Rollins v. Massanari*, 261 F.3d 853, 855 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."; finding ALJ provided sufficient specific reasons for not fully crediting a claimant's fibromyalgia-related pain testimony).

An ALJ appropriately considers inconsistencies or contradictions between a claimant's statements and her activities of daily living. *Thomas*, 278 F.3d at 958-59. The ALJ here found plaintiff's activities, including caring for and walking pets, grocery shopping, meal preparation, washing dishes, and doing laundry were not entirely consistent with her testimony that it hurts to even sit and watch television or to look downward. (AR 23.) Plaintiff contends these activities do not show she can work. Regardless, activities that contradict her other statements are a clear and convincing reason to discount her testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (ALJ may discount a claimant's testimony based on activities that "contradict his other testimony" *or* that meet the threshold for transferable work skills). For example, washing dishes

---

examination of character. SSR 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 9

contradicts testimony that even just "looking down [has] become a problem." (AR 63.) The ALJ did not err by discounting plaintiff's testimony based on conflict with her activities.

Even if the ALJ's remaining reason of lack of supporting medical evidence is erroneous, the error is harmless because the ALJ provided the clear and convincing reason of conflict with activities. *See Carmickle*, 533 F.3d at 1163 (providing improper reasons to discount plaintiff's testimony is harmless error where remaining reasons are valid).

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 20th day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 10